UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

ZAFFERINE AMIT McGILBRA,

                                    Plaintiff,

        v.

NAPHCARE, INC., *et al.*,

                                    Defendants.

Case No. 3:20-00324-MMD-WGC

ORDER

I.    **SUMMARY**

*Pro se* Plaintiff Zafferine Amit McGilbra brings this action under 42 U.S.C. § 1983 against Defendants NaphCare, Inc., and Washoe County. Before the Court is the Report and Recommendation ("R&R" or "Recommendation") of United States Magistrate Judge William G. Cobb (ECF No. 54), recommending the Court strike McGilbra's sur-reply, deny his 56(d) request, deny his request for appointment of counsel, and deny NaphCare's motion for summary judgment. The parties had until October 13, 2021, to file an objection. NaphCare filed a motion to clarify whether the dismissal of its motion for summary judgment would be with or without prejudice, but did not otherwise object.[1] (ECF No. 55.) McGilbra did not file an objection. For this reason, and as explained below, the Court adopts the R&R in its entirety.

II.   **BACKGROUND**

The Court incorporates by reference the facts set forth in the R&R. (ECF No. 54 at 1-2.)

///

///

_____

[1]Judge Cobb clarified that the R&R recommends dismissal without prejudice, with leave to file a renewed motion before December 13, 2021. (ECF No. 56.)

### III.   LEGAL STANDARD

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party fails to object to a magistrate judge's recommendation, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original); Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (providing that the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

### IV.   DISCUSSION

Because there is no objection, the Court need not conduct de novo review, and is satisfied Judge Cobb did not clearly err. As a preliminary matter, Judge Cobb recommends striking McGilbra's sur-reply (ECF No. 48), as he did not seek leave of the Court before filing it as is required by Local Rule 7-2(g). (ECF No. 54 at 1.) The Court agrees, and will strike the sur-reply. Next, Judge Cobb recommends the Court deny McGilbra's request for Rule 56(d) relief and appointment of counsel, as well as NaphCare's motion for summary judgment ("Motion"). The Court will first address McGilbra's requests, then will address NaphCare's Motion.

#### A.   Plaintiff's Requests

McGilbra makes two requests in his first response to NaphCare's Motion. (ECF No. 42.) First, McGilbra seeks to conduct further discovery, namely requiring NaphCare to produce a comprehensive list of facilities with which it has contracted to provide health care services, and for permission to write to prisoners and detainees in those other facilities. (ECF No. 42 at 1-2.) Judge Cobb construed this request as one for relief under Federal Rule of Civil Procedure 56(d) because McGilbra complained that a subpoena he sought was never served on Defendants. (ECF No. 54 at 5.) Because McGilbra failed to

set forth what information he sought to discover from NaphCare or detainees at other institutions, Judge Cobb found that McGilbra had not met his burden for showing why the discovery deadline should be extended. (*Id.* at 5-6.) The Court agrees. A party seeking additional discovery "must show: (1) it has set forth in affidavit form *the specific facts* it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." *Family Home & Fin. Ctr. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008) (emphasis in original). Although the information McGilbra seeks to discover may be relevant to this case, his request for that information did not explain how that information bears upon his claim.

McGilbra's response to NaphCare's Motion also included a renewed request for appointment of counsel. (ECF No. 42 at 2-3.) Judge Cobb reasoned that because McGilbra has been able to adequately articulate his claims and has not shown that the legal issues are sufficiently complex as to require appointment of counsel, this request should be denied. (ECF No. 54 at 8.) The Court agrees. Even though many indigent litigants may benefit from appointment of counsel, the Court must find that there are "exceptional circumstances" before appointing counsel in a civil case. *See United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cnty., State of Wash.*, 765 F.2d 796, 799-800 (9th Cir. 1986). Because McGilbra has not shown such circumstances exist here, the Court agrees with Judge Cobb and will not appoint counsel.

### B.    Defendant's Motion for Summary Judgment

Judge Cobb also recommends that the Court deny NaphCare's Motion because it relies on information that has not been disclosed to the Court to argue there is no genuine dispute of material fact. (ECF No. 54 at 15.) NaphCare's argument, and testimony from their expert, Dr. Leggett, both reference written policies for infectious disease prevention and control, but are themselves "highly generalized and vague as to what measures should be taken in response to a pandemic caused by virus transmitted through respiratory droplets such as Covid-19." (*Id.* at 12-13.) Judge Cobb reasoned that the Court could not determine whether there was a genuine dispute of fact or whether

1   NaphCare is entitled to judgement as a matter of law because the "plans" implemented

2   from the written policies, allegedly based on CDC guidelines, have not been disclosed to

3   the Court. (*Id.* at 15-16.) NaphCare acknowledges that its Motion was deficient, and

4   appears to seek leave to re-file a motion with the necessary supporting information at

5   some point in the future. The Court agrees that the current Motion does not support

6   summary judgment, and will therefore deny it.

7          Having reviewed the R&R and the record in this case, the Court will therefore adopt

8   the R&R in full.

9   **V.     CONCLUSION**

10         The Court notes that the parties made several arguments and cited to several

11  cases not discussed above. The Court has reviewed these arguments and cases and

12  determines that they do not warrant discussion as they do not affect the outcome of the

13  motions before the Court.

14         It is therefore ordered that Judge Cobb's Report & Recommendation (ECF No. 54)

15  is accepted and adopted in full.

16         It is further ordered that McGilbra's sur-reply (ECF No. 48) is stricken.

17         It is further ordered that McGilbra's request for Rule 56(d) relief is denied.

18         It is further ordered that McGilbra's request for appointment of counsel is denied.

19         It is further ordered that NaphCare's motion for summary judgment (ECF No. 37)

20  is denied without prejudice.

21         DATED THIS 18th Day of October 2021.

22

23  _____

24  MIRANDA M. DU
    CHIEF UNITED STATES DISTRICT JUDGE

25

26

27

28

4